DISTRICT COURT OF PERTH AMBOY.

ROSE RICHARDSON, PLAINTIFF, v. STEVE SCIGNLINSKY, DEFENDANT.

For the plaintiff, *Alfred D. Antonio.*

For the defendant, *Joseph F. Deegan.*

GOLDBERGER, J. This matter comes before me on an application to restore to the list the aforesaid cause, same having heretofore been marked "not moved."

Objection is made that section 148 A of the District Court act (chapter 107, laws of 1930) prevents such action. The records in the case show that this matter had been marked "not moved" and restored to the list approximately eight times since 1926, at which time the suit was instituted. The last time was December 1st, when an order appears to have

been made by the late Judge C. C. Hommann, and at the same time substituted the First National Bank of Perth Amboy, executor of the estate of Steve Scignlinsky, said defendant having died more than one year prior thereto. It is contended by the defendant that the said section of the District Court act is retrospective, and that the order heretofore made by the late judge was illegal, and that the case having been marked "not moved" and permitted to lie dormant for more than two years prior to the passage of the District Court amendment, could not now, nor could it be restored to the list, and that a new suit must be instituted.

The statute in part reads as follows:

"148 A. Any District Court in which a suit or proceeding is instituted by virtue of this act may at the request of either plaintiff or defendant * * * order said cause 'not moved,' in which case either party may bring said cause to trial by directing the clerk of said court to put said cause on the list for a certain day, which said day shall be within two years from the day upon which said cause was marked 'not moved' and not thereafter."

It is a general rule in the interpretation of statutes that they should not be allowed a retrospective operation when this is not required by express command or by necessary and unavoidable implication. *Chew Heong* v. *United States,* 112 *U. S.* 536; *White* v. *Hunt,* 1 *Halst.* 415; *McGovern* v. *Connell,* 43 *N. J. L.* 106; *Public Service* v. *Board of Public Commissioners,* 88 *Id.* 603.

However, the legislature is competent to give a statute a retrospective effect, except as prohibited by the constitution, from passing *ex post facto* laws or laws impairing the obligation of contracts; or unless vested rights of property would be effected. Some laws are necessarily retrospective, such as laws for confirming official acts, amending charters, correcting assessments, relating to remedies. *People* v. *Supervisors,* 43 *N. Y.* 130; *Lane* v. *Nelson,* 79 *P. L.* 407; *Sturgis* v. *Carter,* 114 *U. S.* 511; *Vreeland* v. *Bramhall,* 39 *N. J. L.* 1; *In re estate of Cascio, N. J. L. J.* 334, 338; *St. Michael's Church* v. *Doris,* 74 *Atl. Rep.* 491.

In my opinion the expression in this statute "* * * in which suit or proceeding is instituted" must be regarded as meaning "in which any suit or proceeding is *hereafter* instituted." The construction contended for by the defendant and which embraces pre-existing actions, rests upon the words "in which any suit is instituted." All the other phrases clearly apply to the future only; and as was said in McGovern *v.* Connell, "the most that can be said in favor of this construction is that the language used is indefinite as to time." If it may mean "when any suit *has* been instituted" it may at least be plainly understood to mean "when any suit *shall* be instituted." For such language in a statute there is a long-established rule of interpretation.

Whether an action once marked "not moved" and restored to the list can again be marked "not moved" and restored to the list is a question not now presented.

The case will be restored to the list.